IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| **YVETTE SMITH**, | : | |
| Plaintiff, | : | Case No. 1:12CV22 |
| v. | : | Chief Judge Susan J. Dlott |
| **NOR-COM, INC.**, | : | **ORDER GRANTING IN PART DEFENDANT NOR-COM, INC.'S MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE** |
| Defendant. | : | |
|  | : | |

This matter is before the Court on Defendant Nor-Com, Inc.'s Motion to Dismiss or Transfer for Improper Venue. (Doc. 2.) For the reasons that follow, the motion will be granted in part and the case will be transferred to the Eastern District of Kentucky.

## BACKGROUND[1]

In April 2010, Plaintiff Yvette Smith, who resides in Middletown, Ohio, left a lucrative sales job to join Defendant Nor-Com, Inc.'s ("Nor-Com's") Hebron, Kentucky office. (Compl., doc. 1, ¶¶ 1, 8.) Smith was Nor-Com's first and only African-American employee. (*Id*. ¶ 9.) Nor-Com intended Smith to handle sales to Wright-Patterson Air Force Base. (*Id*. ¶ 7.) Prior to hiring Smith, Jim Huber, a Nor-Com executive, informed Smith that Nor-Com was close to obtaining General Services Administration ("GSA") certification and that a consultant had been hired to help with the process. (*Id*. ¶ 11.) Later, Smith learned that Huber had exaggerated the status of Nor-Com's GSA-certification status. (*Id*. ¶ 12.) Upon beginning her employment with

---

[1]The facts are taken from Plaintiff's Complaint (doc. 1) and are accepted as true for purposes of this motion to dismiss.

Nor-Com, Smith was asked to work with the consultant and oversee the GSA certification process.  (*Id*. ¶ 16.)  The consultant informed Smith that Nor-Com did not have the appropriate documentation to submit to the government and Smith quickly learned that Nor-Com had "virtually no chance" of attaining GSA certification.  (*Id*. ¶¶ 18-19.)

Smith soon noticed other problems at Nor-Com beyond the GSA certification issue.  Smith alleges that Huber asked her to lie to potential and existing customers about Nor-Com's government contract experience.  (*Id*. ¶¶ 20-22.)  Smith notified Nor-Com's president, Dan VanMeter, that Huber had falsified past performance documents.  (*Id*. ¶¶ 24-25.)  VanMeter then informed Smith that Nor-Com occasionally "augment[ed] their experience" by taking credit for work performed by other firms.  (*Id*. ¶ 26.)  Smith alleges that she refused to lie to customers and falsify documents.  (*Id*. ¶¶ 28-31.)  On one occasion, Huber apologized to Smith for "asking her to go against her beliefs."  (*Id*. ¶ 29.)

Smith also brought other matters to VanMeter's attention.  Smith asked VanMeter not to use profanity during company meetings.  (*Id*. ¶ 32.)  Smith questioned whether a business entity set up by VanMeter's common law wife was being used as an illegal "pass through" for Nor-Com.  (*Id*. ¶ 33.)  Smith also objected to a service manager referring to a client group as "f*cking Indians" and making other racially hostile comments.  (*Id*. ¶ 34.)  With the help of another Nor-Com employee, Smith used her company laptop to search for advice on working in a racially hostile environment.  (*Id*. ¶ 35.)  Shortly thereafter, on December 21, 2010, Smith was terminated.  (*Id*.)  Smith was told that Nor-Com was abandoning its effort to sell in the industry Smith had been targeting and that her position was being eliminated .  (*Id*. ¶¶ 36-37.)  Smith later learned that Lois Spires, a Caucasian Nor-Com employee, took over Smith's accounts.  (*Id*. ¶

37.)

On January 11, 2012, Smith filed this diversity suit against Nor-Com alleging race discrimination in violation of Ohio Rev. Code § 4112, promissory estoppel, intentional infliction of emotional distress, retaliation, and breach of the covenant of good faith and fair dealing. On February 9, 2012, Nor-Com moved to dismiss the Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, to transfer the case to the Eastern District of Kentucky. In support of its motion, Nor-Com argues that "[n]one of the events, as alleged, occurred outside of [N]orthern Kentucky." (Doc. 2 at 3.)

Smith opposes Nor-Com's motion and alleges that the following facts support venue in the Southern District of Ohio. Smith states that Nor-Com recruited Smith in Norwood, Ohio. (Smith Affidavit, doc. 4-1, ¶¶ 2-3.) Smith resides in Middletown, Ohio, and regularly worked for Nor-Com from her home. (*Id.* ¶ 4.) Nor-Com hired Smith to target Wright-Patterson Air Force Base, located outside of Dayton, Ohio. (*Id.* ¶ 5.) Over eighty percent of Nor-Com's business is conducted in Ohio with Ohio-based companies. (*Id.* ¶ 8.) Nor-Com executive Jim Huber "officially terminated Plaintiff in Ohio on December 21, 2010." (*Id.* ¶ 7.)

## DISCUSSION

Pursuant to § 1391 of Title 28, United States Code:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, both parties argue that the appropriateness of venue in this district hinges on the applicability of subsection (2), which focuses on whether a "substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Ohio.[2]

The facts alleged in the Complaint do not place a substantial part of the events in this district. Smith's claims arose from the following facts. Smith was employed by Nor-Com "in its location at 2126 Petersburg Road, Hebron, Kentucky." (Compl., doc. 1, ¶ 1.) A Nor-Com executive lied to Smith about Nor-Com's GSA certification. (*Id*. ¶ 12.) Smith was asked to lie to potential and existing customers on more than one occasion, and reported these events to VanMeter. (*Id*. ¶¶ 20, 24.) Smith reported "troubling matters" to VanMeter and asked him not to use profanity during company meetings. (*Id*. ¶¶ 32-33.) Smith objected to a co-worker's use of racially hostile comments. (*Id*. ¶ 34.) Smith used her company laptop to search for advice on working in a racially hostile environment and did so in the presence of another Nor-Com employee. (*Id*. ¶ 35.) Although Smith claims that she frequently worked from home, she does not claim that any of the above incidents occurred while she was working from home. In fact, Nor-Com insists that all of these events occurred in Kentucky (doc. 2 at 3), and Smith does not argue otherwise.

The Court holds that venue is improper in the Southern District of Ohio because a

---

[2] Plaintiff does not argue that Nor-Com resides in Ohio for purposes of 28 U.S.C. § 1391(b)(1). Because the parties have not briefed the issue, the Court does not address it. Consequently, this opinion is limited to an analysis under 28 U.S.C. § 1391(b)(2).

substantial part of the alleged unlawful employment practices did not occur here.  The Court has the authority to dismiss this action, or in the interest of justice, transfer the case to a district in which it could have been filed.  *See* 28 U.S.C. § 1406(a).[3]  Neither party disputes that Smith's case could proceed in the Eastern District of Kentucky.  Rather than dismiss this case, adding delay to the proceedings, the Court will transfer the action to the Eastern District of Kentucky pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Nor-Com's Motion to Dismiss or Transfer for Improper Venue.  The case will be transferred to the Eastern District of Kentucky.

IT IS SO ORDERED.

       s/Susan J. Dlott           
Chief Judge Susan J. Dlott
United States District Court

---

[3] Section 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."